UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA       :

          - v -         :

ANDREI VOUSTIANIOUK,       :

            Defendant.   :

- - - - - - - - - - - - - - - - -x

            **AFFIRMATION**

            09 Cr. 323 (RPP)

STATE OF NEW YORK         )
COUNTY OF NEW YORK       : ss.:
SOUTHERN DISTRICT OF NEW YORK  )

      ROBERT RAAB, pursuant to Title 28, United States Code, Section 1746, hereby declares:

      1.   I am employed as a Special Agent with Immigration and Customs Enforcement ("ICE") and have been employed in this position with ICE and/or its predecessor agency for approximately 12 years.  I have been assigned to the unit that investigates crimes against children since in or around August 2004.  My duties include the investigation of matters involving the sexual exploitation of children via computers and the internet, specifically those addressing violations of Title 18, United States Code, Sections 2251, 2252, and 2252A, which criminalize, among other things, the advertisement, transmission, receipt, and possession of child pornography.  During my career, I have participated in the execution of search warrants at numerous locations. In addition to on-the-job training, in or around June 2006, I participated in an approximately four-day training on the

investigation of crimes involving child exploitation at the ICE Cyber Crimes Center in Fairfax, Virginia. I have also participated in several training courses facilitated by Project Safe Childhood, a Department of Justice initiative focused on technology-facilitated sexual exploitation crimes against children.

2.     I have not included herein the details of every aspect of the instant investigation. Where I relate statements, conversations, and actions of others, those statements, conversations, and actions are related in substance and in part, except where otherwise indicated.

3.     Based on my review of a report of investigation prepared by another ICE agent, dated on or about November 18, 2008, and other documents collected in the course of his investigation of this matter, I learned that:

a.     In or around 2007 and 2008, representatives of the ICE Attache in Frankfurt, Germany (the "Attache Frankfurt") met with officials of the German Federal Police (also known as "Bundeskriminalamt" or "BKA") who provided the Attache Frankfurt with reports and evidence relating to the distribution of child pornography via the Internet.

b.     In or about July 2008, the Attache Frankfurt provided the ICE Cyber Crimes Center with a BKA report documenting the distribution of child pornography through the eDonkey2000 network, and reporting that on or about July 3, 2008,

2

at or about 12:38 pm GMT an individual connected to the Internet through Internet Protocol ("IP") address 68.198.117.141 (the "IP Address") hosted a child pornography file known to BKA as "1.avi," through the eDonkey2000 network, a worldwide peer-to-peer file-sharing network.

c.   A copy of the "1.avi" file was provided to the ICE Cyber Crimes Center by the Attache Frankfurt.

d.   Subsequent investigation by the ICE Cyber Crimes Center determined that the IP Address was assigned to Optimum Online.

e.   On or about September 30, 2008, in response to an administrative subpoena issued to CSC Holdings Inc., for Optimum Online records regarding the IP Address, CSC Holdings Inc. advised that the IP Address was assigned to Andrei Voustianiouk, at 2424 Cambreleng Avenue, Apartment 1, Bronx, New York, telephone numbers 718-584-2526 and 212-241-6559.  Based on these records, Andrei Voustianiouk became the subject of an ICE child pornography investigation.

4. Prior to providing an affidavit in support of an application for a search warrant for 2424 Cambreleng Avenue Apartment 1, Bronx, New York (the "Search Warrant"), I spoke with a postal agent from the United States Postal Service who informed me that Andrei Voustianiouk was receiving mail at 2424 Cambreleng Avenue, Bronx, New York.

5.    Also prior to providing an affidavit in support of the application for the Search Warrant, I personally reviewed the "1.avi" file.  I have attached a CD-ROM containing the "1.avi" file as an exhibit and respectfully request that the Court order that the attached exhibit be filed under seal, due to the fact that it contains contraband (hereinafter, the "Sealed Exhibit").

6.    During my review of the "1.avi" file, which contains approximately thirty minutes of short video scenes, I observed in excess of twenty scenes containing child pornography.  The general youthful appearance and stature of the individuals in the images and the developmental stages of their bodies, including the lack of pubic hair, indicated to me that the images contained pictures of minors.  The images I saw showed minors engaged in sexually explicit conduct, including:

a.    an adult male ejaculating onto the genitals of a prepubescent female;

b.    a prepubescent female sucking the penis of an adult male through a teddy bear; and

c.    an adult male engaging in sexual intercourse with a prepubscent female.

7.    Upon review of my affidavit in support of the application for the Search Warrant (the "Warrant Affidavit"), I noted the following inadvertent error, which I do not consider to be material to the existence of probable cause for the issuance of the Search Warrant:

a.   In paragraph 8 and in subsequent paragraphs, I mistakenly stated that the child pornography file identified by BKA in the report provided to the ICE Cyber Crimes Center was called "Lavi," instead of "1.avi."

8.   Prior to providing an affidavit in support of the Search Warrant, I searched a law enforcement database containing New York State driver's license information, to confirm the address of Andrei Voustianiouk, the defendant.  Pursuant to Andrei Voustianiouk's driver's license, his address is listed as 2424 Cambreleng Avenue, Bronx, New York.  There is no apartment number provided.

9.   On or about January 22, 2009, other law enforcement officers and I searched Andrei Voustianiouk's residence located on the second floor at 2424 Cambreleng Avenue, Bronx, New York, pursuant to the Search Warrant, issued by United States Magistrate Judge Michael Dolinger on or about January 14, 2009.  We searched the second floor apartment rather than the first floor apartment, as the premises was described in the Warrant Affidavit, for the following reasons:

a.   The Warrant Affidavit idenfities the premises to be searched as 2424 Cambreleng Avenue, Apartment 1, Bronx, New York, "a ground floor apartment inside a two-story white-shingled house."  This description was based on the information provided by CSC Holdings, Inc. and my observance of the exterior of the building prior to the execution of the search.  As shown in the

second photograph included in Exhibit 1 to the Affidavit of Andrei Voustianiouk, dated May 21, 2009 ("Voustianiouk Affidavit"), the two door buzzers to the left of the front door of 2424 Cambreleng Avenue are not identified by an apartment number. Having viewed the two-story building only from the exterior prior to providing an affidavit in support of the Search Warrant, and having learned from CSC Holdings Inc. that the defendant's Optimum Online account was registered to Apartment 1 at 2424 Cambreleng Avenue in the Bronx, NY, I presumed that his residence was the ground floor apartment. My discussion with a United States Postal Service Agent and my review of the defendant's driver's license information provided nothing contrary to this presumption.

b. When other ICE agents and I arrived at 2424 Cambreleng Avenue, Bronx, New York in the early morning on January 22, 2009, we rang both of the buzzers because neither were marked with an apartment number. We saw a light turn on from the second floor window and then a man came to the front door of 2424 Cambreleng Avenue. When asked if he was Andrei Voustianiouk and he confirmed that he was Andrei Voustianiouk.

c. Upon confirming that the man who had answered the door was Andrei Voustianiouk, the other ICE agents and I showed the defendant our credentials as ICE agents and informed the defendant that we had a search warrant and needed to enter his apartment. Vosutianiouk then led us up the stairs and into

6

his apartment on the second floor. As shown in the third photograph included in Exhibit 1 to the Voustianiouk Affidavit, the apartment the defendant led us into had no identifying number.

    d.    During our the search of Voustianiouk's apartment, another ICE Agent viewed and photographed several pieces of mail sitting on a table in the apartment. A true and correct copy of the photograph of Voustianiouk's mail taken during our search is attached hereto as Exhibit 1. The mail was addressed to Andrei Voustianiouk at 2424 Cambreleng Avenue, Bronx, New York. No apartment number is shown on the mail in the picture.

    e.    Pursuant to the search, the other ICE agents and I seized three computers as well as ten external hard drives and several computer disks. Forensic examination of these items is ongoing.

    10.    While I did not include the following in the Warrant Affidavit, I know from my training and experience that collectors of child pornography typically retain their materials and related information for many years. Also, based on my experience investigating criminal violations relating to child exploitation and child pornography, I understand that individuals who collect child pornography prefer not to be without their child pornography for any prolonged time period and often retain the child pornography for several years. Had Judge Dolinger

expressed concerns regarding whether the "1.avi" file or other

child pornography would still be in the defendant's apartment six

months after it was identified as being hosted by the defendant,

I could have provided him with my understandings of the above.

Indeed, as a result of our search, pursuant to a preliminary

investigation, we identified over 2,500 files containing child

pornography. As outlined in the Complaint, one video stored on

one of the computers, entitled "1.mpg," was a visual depiction of

a prepubescent female masturbating the genitals of an adult male.

Another video stored on the same computer, entitled "myson.mpg,"

was a visual depiction of an adult male engaging in anal sex with

a prepubescent female.

     I declare under penalty of perjury that the foregoing

is true and correct, pursuant to Title 28, United States Code,

Section 1746.

Dated:    June 12, 2009
         New York, New York


ROBERT RAAB
Special Agent
Immigration and Customs Enforcement

# EXHIBIT A

